**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**AIKEN DIVISION**

| | | |
|---|---|---|
| Curtis T. Johnson, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 1:22-cv-03583-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden, Allendale Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Curtis T. Johnson, ("Petitioner"), a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 17, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On February 13, 2023, Respondent filed a Motion for Summary Judgment. (ECF No. 22). Petitioner filed a response in opposition to the motion, (ECF No. 32), to which Respondent replied, (ECF No. 34), and Petitioner filed a sur reply, (ECF No. 35). On August 1, 2023, the magistrate judge recommended the court grant in part and deny in part Respondent's motion for summary judgment. (ECF No. 36). Petitioner filed objections to the recommendation. (ECF No. 41). On September 25, 2023, the undersigned granted the motion for summary judgment as to Grounds One, Two, Three, Four, Five, and Fourteen B; and denied the motion for summary judgment as to Grounds Six through Fourteen A, with such denial being without prejudice and with leave to refile. (ECF No. 48).

The next day, the magistrate judge entered an order directing Respondent to refile its motion for summary judgment as to Grounds Six through Fourteen A by October 16, 2023, and to specifically "address whether *Martinez v. Ryan*, 566 U.S. 1 (2012) is applicable to this case" as

well as "whether Petitioner can establish cause and prejudice under *Martinez*, either by meeting § 2254(e)(2)'s requirements for an evidentiary hearing or on the basis of the current state-court record." (ECF No. 51). On October 16, 2023, the Respondent filed a second motion for summary judgment (ECF No. 54) and Return and Memorandum (ECF No. 53). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), alerting Petitioner of the motion for summary judgment procedures and warning Petitioner of the potential consequences for failing to respond. (ECF No. 56). Petitioner filed a response, (ECF No. 58), to which Respondent filed a reply, (ECF No. 60), and Petitioner filed a sur-reply, (ECF No. 62).

Now before the court is the magistrate judge's second Report and Recommendation ("Report"), which recommends that the court grant Respondent's motion for summary judgment and dismiss the petition with prejudice. (ECF No. 70). The Report notified Petitioner of his right to file specific objections to the Report, *id.* at 23, and Petitioner filed his objections.[1] This matter is now ripe for review. Having reviewed the entire record in this case, for the reasons set forth herein, the court finds that no hearing is necessary and grants the motion for summary judgment (ECF No. 54).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific

---

[1] Though Petitioner's objections were not received by the court until April 5, 2024, almost two weeks after the deadline for filing such objections, the envelope indicates that Petitioner delivered his objections to the prison mail room on March 21, 2024. (ECF No. 74-2). Accordingly, Petitioner's objections are timely pursuant to *Houston v. Lack*, 487 U.S. 266 (1988).

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Petitioner is proceeding *pro se*, this court is charged with construing his Petition and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v.*

3

*Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## PROCEDURAL HISTORY[2]

In April 2007, Petitioner was indicted in Lexington County, South Carolina with charges of murder (indictment 2007-GS-32-01473), two counts of assault and battery with intent to kill (indictments 2007-GS-32-01474 and 2007-GS-32-01476), and possession of a firearm or knife during the commission of a violent crime (indictment 2007-GS-32-013475). (ECF No. 22 at 2). After a week-long jury trial in September 2009, Petitioner was found guilty of the lesser included offenses of voluntary manslaughter and two counts of assault and battery of a high and aggravated nature ("ABHAN") as well as guilty as charged of the weapons offense. *Id.* The judge sentenced Petitioner to an aggregate term of thirty-five years of imprisonment: thirty years for voluntary manslaughter, ten years concurrent for each ABHAN count, and five years consecutive for the weapons charge. *Id.*

---

[2] The factual background and procedural history set forth herein is taken from Respondent's memorandum in support of his motion for summary judgment, (ECF No. 22), and the administrative record from the state court proceedings, which were filed as exhibits to the Respondent's first motion for summary judgment (ECF No. 22). In his Return and Memorandum in support of its second motion for summary judgment, the Respondent requested to "incorporate its first memorandum in support of the motion for summary judgment and the attachments list this re-filed motion for summary judgment and supporting memorandum of law." (ECF No. 53 at 1). This embedded request does not constitute a proper motion before this court. However, the court has considered the state court records filed with the initial Return (ECF No. 22) and will reference them herein. While Petitioner objects to the findings of the magistrate judge regarding the factual basis of his crimes, *see* (ECF No. 74 at 4), he did not object to the procedural history set forth in the Report or the Motion for Summary Judgment.

Petitioner directly appealed his conviction and sentence to the South Carolina Court of Appeals. *Id.* at 3. On appeal, his defense counsel filed an *Anders[3]* brief and raised one issue: "[w]hether the trial court erred in refusing to grant a directed verdict to the charges against appellant because his actions were in self-defense and in defense of another?" *Id.* Appellate counsel also moved to be relieved. *Id.* Petitioner filed a *pro se* brief alleging several additional grounds: (1) whether relieving his appellate attorney as counsel of record on appeal would deny him his right to effective assistance of appellate counsel; (2) whether there was sufficient evidence to conclude that Petitioner acted in the element of sudden heat of passion to support a voluntary manslaughter conviction; and (3) whether the trial court erred in instructing the jury on a charge of "mutual combat" since that instruction was "highly prejudicial" to Petitioner's defense of self-defense and defense of another. (ECF No. 22 at 3). The South Carolina Court of Appeals affirmed the sentences and convictions. *State v. Johnson*, 2013-UP-022, 2013 WL 8482251 (S.C. Ct. App. Jan. 16, 2013). On February 21, 2013, the Court of Appeals denied Petitioner's *pro se* motion for rehearing, and remittitur was issued on April 7, 2013. (ECF No. 22 at 4).

On August 22, 2013, Petitioner filed an application for post-conviction relief ("PCR") in state court. The initial *pro se* PCR application included thirty-one allegations of ineffective assistance of trial counsel, four allegations of ineffective assistance of appellate counsel, fifteen allegations of prosecutorial misconduct, one allegation of juror misconduct, and four allegations of due process violations. (ECF No. 22-6 at 32–39). Though not included in the record in this federal case, the state court docket indicates that on April 3, 2014, through counsel, Petitioner filed an Amended Application for PCR. *See Johnson #337543 et al v. State of South Carolina*, Case

---

[3] *Anders v. California*, 386 U.S. 738, 744 (1967) (holding that counsel has fulfilled his duty of advocate if he files a brief referring to anything in the record that may support an appeal if he in good faith concludes the appeal is without merit).

No. 2013CP3202941, https://publicindex.sccourts.org/Lexington/PublicIndex/CaseDetails.aspx?
County=32&CourtAgency=32002&Casenum=2013CP3202941&CaseType=V&HKey=1179047
8311347668898761036787794810883103104767010410369100817512210511181113758310311
135610574119755699 (last visited Sept. 16, 2024). On November 11, 2014, Petitioner, through
counsel, filed a second amendment to his PCR application to add "in addition to prior grounds
stated" another claim for ineffective assistance of appellate counsel. (ECF No. 22-6 at 42). Though
again not included in the record in this federal case, Petitioner then filed a Third Amended PCR
Application on April 8, 2015, adding another claim for ineffective assistance of trial counsel "in
addition to prior grounds stated in the original application for post-conviction relief and Amended
Application for Post-Conviction Relief." *See Johnson #337543 et al v. State of South Carolina*,
Case No. 2013CP3202941 (last visited Sept. 16, 2024).

A hearing on Petitioner's PCR application was held on April 21, 2015, and Petitioner was
represented by counsel. (ECF No. 22-6 at 54). At the hearing, PCR counsel notified the court that
though there were "numerous things in the PCR application that Mr. Johnson had originally filed"
and though she had filed amendments, Petitioner was only going forward on the following claims
of ineffective assistance of counsel at the hearing:

(1) "[F]ailure to request and perform certain pretrial motions";

(2) "Failure to object to several prejudicial statements throughout the trial";

(3) "Failure to object to several prejudicial statements by the prosecutor in closing
arguments";

(4) "Failure to object to the judge's comments on the case regarding his beliefs during
sentencing";

(5) "Failure to object to one of the jury charges regarding *Belcher*"[4]; and

---

[4] *State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009).

      (6) "Appellate counsel regarding missing transcript pieces and the reconstruction" of the record.

(ECF No. 22-6 at 58). Despite his counsel limiting the scope of the hearing to these listed issues, Petitioner attempted to raise other issues himself after the closing of the State's case and after the Judge indicated he was denying the application. (ECF No. 22-7 at 62–78). The State objected to his attempts at hybrid representation, and the court indicated that it had already ruled and that the record was closed. *Id.* The Lexington County Clerk of Court entered the judgment on May 15, 2015. *See id.* at 80. After judgment was entered, Petitioner filed a consent motion to relieve his counsel and proceed *pro se*, which was granted on September 22, 2015. *See id.*

On July 15, 2019, the PCR court filed a written order denying and dismissing with prejudice Petitioner's PCR application. *Id.* at 80–109. That order addressed the following claims: (1) ineffective assistance of trial counsel for failure to move for (a) a hearing pursuant to *Jackson v. Denno*, 371 U.S. 967 (1963), (b) an immunity hearing pursuant to the Protection of Persons and Property Act, and (c) the witnesses to be sequestered; (2) ineffective assistance of trial counsel for failure to object to (a) a victim's testimony about paralysis, (b) an investigator's testimony about a photo identification, (c) a lay witness's testimony about tire tracks, and (d) a crime scene analyst's testimony about the bullet trajectory; (3) ineffective assistance of trial counsel for failure to object to the State's closing argument; (4) ineffective assistance of trial counsel for failure to object to comments by the trial court; (5) ineffective assistance of trial counsel for failure to object to an impermissible *Belcher* charge; and (6) ineffective assistance of counsel for failure to adequately reconstruct the trial record. *Id.* The order further noted that since the time of the PCR hearing, PCR counsel had been relieved. *Id.* at 109. Accordingly, the judge notified Petitioner of his right to appeal and time constraints for doing so. *Id.* Petitioner filed a *pro se* motion to alter or amend the judgment, indicating that he "assumed that he was going to be allowed to present his

evidence and arguments for his stated claims later during his PCR hearing when he got off the witness stand" and requesting the court to "alter or amend its judgment by making specific findings of fact and stating expressly the conclusions of law related to each issue" that he had raised in his PCR application and amendments, regardless of whether they had been presented at the hearing. (ECF No. 22-7 at 113–116). The PCR court denied the motion (ECF No. 22-7 at 117).

Petitioner filed a *pro se* appeal. (ECF No. 22-10). On April 15, 2020, an Appellate Defender with the South Carolina Commission of Indigent Defense filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on Petitioner's behalf. (ECF No. 22-11). In the Petition, counsel raised one argument:

> The PCR court erred in finding trial counsel was not ineffective for failing to object to statements made by the solicitor during closing that were inflammatory and improperly played to the jury's emotions where the solicitor repeatedly referred to the decedent as an "Iraqi war veteran," one wounded man's body as having been "splattered," and another injured man's wound as a "bone sticking out [of] his leg."

*Id.* at 3 (alteration in original). On October 6, 2020, the Supreme Court of South Carolina transferred the appeal to the South Carolina Court of Appeals. (ECF No. 22-13). On April 1, 2022, the South Carolina Court of Appeals denied the Petition for Writ of Certiorari. (ECF No. 22-14). Remittitur was issued on April 21, 2022. (ECF No. 22-15).

Consequently, Petitioner filed this Petition for writ of habeas corpus on October 13, 2022, asserting various claims for relief. (ECF No. 1). On September 25, 2023, the court granted Respondent's motion for summary judgment as to Grounds One, Two, Three, Four, Five and Fourteen B.[5] (ECF No. 48). However, as to the remaining claims, Grounds Six through Fourteen

---

[5] As noted in the court's September 25, 2023 order, Ground Fourteen in the original Petition consisted of two separate claims of ineffective assistance of counsel – (1) that counsel did not move for a mistrial on the grounds that the prosecutor made inflammatory statements during closing arguments, which the court denoted "Fourteen A"; and (2) that counsel did not object to

A, the court determined that "a full and appropriate analysis of these claims requires further development of the record and briefing, such that, at this juncture, the court cannot find that no genuine dispute of material fact exists as to whether Petitioner has established cause and prejudice to overcome the procedural bar" as to these claims. *Id.* at 18.  Accordingly, the following claims remain pending before the court:

> **GROUND SIX:** Trial counsel [was] ineffective for requesting erroneous, prejudicial, and burden shifting jury instructions of voluntary manslaughter and assault and battery of a high and aggravated nature (ABHAN). This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel and due process rights of the U.S. Constitution.

> **GROUND SEVEN:** Trial counsel [was] ineffective for failing to pre-trial interview and investigate witnesses. This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel, right to confrontation of witnesses against him, and Due Process rights of the U.S. Constitution.

> **GROUND EIGHT:** Trial counsel [was] ineffective for failing to cross-examine and impeach witness[es] with relevant exculpatory evidence. This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel, right to confrontation of witness[es] against him, and due process rights of the U.S. Constitution.

> **GROUND NINE:** Trial counsel was ineffective for failing to present expert witness testimony to testify that Petitioner's actions were consistent with the defenses of [s]elf-[d]efense and [d]efense of [a]nother. This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel and [d]ue [p]rocess [r]ights of the U.S. Constitution.

> **GROUND TEN:** Trial counsel [was] ineffective for making improper comments during closing arguments. This violated Petitioner's 5th, 6th, and 14th amendment rights of effective assistance of counsel and [d]ue [p]rocess [r]ights of the U.S. Constitution.

those statements during closing arguments, which the court denoted "Fourteen B." *See* (ECF No. 48 at 17–18, n.8). The court granted summary judgment for the Government as to Petitioner's claim that counsel was ineffective for failing to *object* to the statements – Fourteen B. *Id.* at 31–32. While the current Report addresses the correct portion of Ground Fourteen that remains before the court, it identifies it as "Fourteen B" by mistake. (ECF No. 70 at 6). The correct portion of Ground Fourteen that remains before this court is Ground Fourteen A – whether trial counsel was ineffective for failing to move for a mistrial based on statements made in closing argument.

**GROUND ELEVEN:** Trial counsel was ineffective for failing to request tailored jury instructions to support Petitioner's defenses of [d]efense of [a]nother and [s]elf-[d]efense. This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel and due process rights of the U.S. Constitution.

**GROUND TWELVE:** Trial counsel was ineffective for failing to object to erroneous prejudicial, and burden shifting jury instructions; and failed to motion for a mistrial because Petitioner was denied a fair trial. This violated Petitioner's 5th, 6th, and 14th Amendment rights of [d]ue [p]rocess and effective assistance of counsel of the U.S. Constitution.

**GROUND THIRTEEN:** Trial counsel [was] ineffective for failing to present character witnesses and character evidence of Petitioner's good character. This violated Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel, due process rights, and the right to have compulsory process for obtaining witnesses in his favor of the U.S. Constitution.

**GROUND FOURTEEN [A]:** Trial counsel [was] ineffective for . . . fail[ing] to [move] for a mistrial [due to prejudicial closing argument statements]. This violated the Petitioner's 5th, 6th, and 14th Amendment rights of effective assistance of counsel and Due Process Rights of the U.S. Constitution.

(ECF No. 1).

On September 26, 2023, the magistrate judge directed Respondent to "refile the motion for summary judgment as to Grounds Six through Fourteen A (the Procedurally Defaulted Grounds) by October 16, 2023" and to "specifically address whether *Martinez v. Ryan*, 566 U.S. 1 (2012) is applicable in this case" as well as "whether Petitioner can establish cause and prejudice under *Martinez*, either by meeting § 2254(e)(2)'s requirement for an evidentiary hearing or on the basis of the current state-court record." (ECF No. 51). Respondent filed a second motion for summary judgment, (ECF No. 54), to which Petitioner responded, (ECF No. 58). Respondent then filed a reply, (ECF No. 60), and Petitioner filed a sur-reply, (ECF No. 62). Subsequently, a magistrate judge issued the Report currently before the court, recommending that the court grant the second

motion for summary judgment and dismiss the petition. (ECF No. 70). Petitioner filed objections to the Report. (ECF No. 74).

## MAGISTRATE JUDGE'S REPORT

In her Report, the magistrate judge recommends that the undersigned grant the Respondent's second motion for summary judgment (ECF No. 54). (ECF No. 70). The magistrate judge summarized the procedural background regarding Petitioner's PCR proceedings and indicated that at this juncture, "[t]he parties agree that each of Petitioner's remaining grounds for relief is procedurally defaulted." *Id.* at 16–17.   Therefore, she determined that "the question is whether Petitioner can show cause and prejudice to excuse the default." *Id.* at 17. She noted that Petitioner claims "PCR Counsel's failure to present the claims constitutes cause to consider the merits of his claims." *Id.* She further indicated that "'attorney error does not qualify as "cause" to excuse a procedural default unless the error amounted to constitutionally ineffective assistance of counsel. Because a prisoner does not have a constitutional right to counsel in state postconviction proceedings, ineffective assistance in those proceedings does not qualify as cause to excuse a procedural default.'" *Id.* (quoting *Davila v. Davis*, 582 U.S. 521, 524 (2017)). However, "under a narrow exception, ineffective assistance of PCR counsel can constitute 'cause to overcome the default of a single claim – ineffective assistance of trial counsel – in a single context – where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal.'" *Id.* at 17–18 (quoting *Davila*, 582 U.S. at 524–25). However, the magistrate judge indicated that for this exception to apply, in addition to showing that PCR counsel was ineffective, the petitioner must also show that the underlying alleged ineffective assistance of trial counsel claim is a "substantial one." *Id.* at 18 (citing *Martinez v. Ryan*, 566 U.S. 12, 14 (2012)).

As to the procedurally defaulted grounds in the Petition, the magistrate judge determined that "Petitioner has not argued the reasonableness of PCR Counsel's decision to proceed on certain claims and abandon others and thus has not overcome the presumption that counsel's decision comported with professional norms" under *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 19. Therefore, the magistrate judge concluded that "Petitioner fails to show cause and prejudice to excuse the procedural default[,]" and she recommended the undersigned grant Respondent's motion for summary judgment as to the remaining claims. *Id.* Additionally, the magistrate judge considered Petitioner's request for an evidentiary hearing and concluded that "[i]n accordance with *Shinn* and § 2254(e)(2) . . . Petitioner has not shown cause for further evidentiary development" and should be denied a request for an evidentiary hearing. *Id.* at 22.

## LAW AND ANALYSIS

Turning to the applicable law and Petitioner's objections to the Report, as the magistrate judge correctly noted, under 28 U.S.C. § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are

entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Presently, this case is before the court on Respondent's second motion for summary judgment (ECF No. 54). Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)).  However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–

13

23).  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

### *General Statement of Objections*

Petitioner filed objections to the magistrate judge's Report. (ECF No. 74). A substantial portion of his objections describes generally the role of the magistrate judge and this court's duty to review any specific objections *de novo*. *Id.* at 1–4. Additionally, Petitioner indicated that he "objects to all [of] the magistrate court's Report and Recommendation" and listed his general disagreement with her determinations that he is not entitled to an evidentiary hearing and that he has failed to show cause to overcome the barrier of having procedurally defaulted his remaining claims. *Id.* at 4–5. As Petitioner recognized in his objections, "[t]o trigger *de novo* review, an objecting party 'must object to the finding or recommendation on that issue with *sufficient specificity* so as to alert the district court of the true ground for objection.'" (ECF No. 74 at 3) (emphasis added) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)); *see Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only").  To the extent Petitioner generally objects to the entirety of the Report without specified basis, the court overrules such objections, finding no clear error in the Report.

However, in liberally construing the objections, the court gleans the following specific objections to the Report, which it will review *de novo*: (1) that the magistrate judge erred in concluding that Petitioner had failed to overcome the presumption that PCR Counsel had "comported with professional norms" because he had not argued the reasonableness of PCR

Counsel's decision to proceed on certain claims and abandon others; (2) that the magistrate judge erred in applying *Shinn* and § 2254(e)(2) and determining that Petitioner was not entitled to an evidentiary hearing to further develop the record as to his claims against PCR Counsel due to *Martinez*; (3) and that the magistrate judge erred in not reaching the merits of each ground of the Petition based on "findings of facts and conclusions of law." *Id.* at 4–7.

### Request for Evidentiary Hearing

As an initial matter, the court addresses Petitioner's objection regarding whether he is entitled to an evidentiary hearing to further develop the record, as such determination has the potential to affect what materials the court may consider in reaching a decision on the other objections raised. In her Report, the magistrate judge correctly explained the law regarding the limitations on when a petitioner is entitled to an evidentiary hearing on federal habeas review. (ECF No. 70 at 19–22). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places stringent requirements on what a federal court can review in relation to a state habeas petition. *See Williams v. Taylor*, 529 U.S. 420, 433 (2000). These requirements were codified in 28 U.S.C. § 2254(e)(2) and provide that "if a prisoner 'has failed to develop the factual basis of a claim in State court proceedings,' a federal court may hold 'an evidentiary hearing on the claim' in only two limited scenarios." *Shinn v. Ramirez*, 596 U.S. 366, 381 (2022). Under these scenarios, "[e]ither the claim must rely on (1) a 'new' and 'previously unavailable' 'rule of constitutional law' made retroactively appliable by [the Supreme] Court, or (2) 'a factual predicate that could not have been previously discovered through the exercise of due diligence.'" *Id.* (quoting § 2554(e)(2)(A)(i), (ii)." If one of those two scenarios are met, the prisoner must then "show that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged." *Id.* (citing § 2554(e)(2)(B)). Even

still, if *all* of these requirements are met, "a federal habeas court is still not *required* to hold a hearing or take any evidence" as the decision to hear new evidence "must be informed by principles of comity and finality that govern every federal habeas case." *Id.* at 382–83.

Petitioner argues that he is not bound by § 2254(e)(2)'s requirements or *Shinn* because he has "diligently pursued" his claims and because he can overcome the procedural default of his claims pursuant to *Martinez*. (ECF No. 74 at 5–7). Petitioner argues that "PCR Counsel's ineffective assistance is the cause to excuse the procedural default, and this does not undermine Petitioner's sound record of diligence to present his PCR claims." *Id.* at 6. He asserts that to "hold that PCR Counsel's negligence undermines all of the record of Petitioner's diligence would effectively overextend the holding in *Shinn*." *Id.* However, in requiring Petitioner to meet the requisite threshold in *Shinn* and § 2254(e)(2) before allowing an evidentiary hearing in federal court to expand the state court record, the court is not holding that PCR counsel's actions "undermine" Petitioner's personal efforts to set forth him claims. The vast state court record is before this court, and the court has reviewed it at length in addressing the Petition.

Furthermore, Petitioner's understanding of *Shinn* is misguided, and as the magistrate judge noted in her Report, it is directly on point to the case at hand. In *Shinn*, the Supreme Court specifically addressed "whether the equitable rule announced in *Martinez* permits a federal court to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state court record" and held that "it does not." *Shinn*, 296 U.S. at 371. In other words, even if *Martinez* applies to excuse the procedural default of a claim, a petitioner cannot rely on *Martinez* to circumvent § 2254(e)(2)'s requirements. Petitioner has not argued that any of his remaining claims rely on new and previously unavailable rules of constitutional law that have been made retroactively appliable by the Supreme Court, nor has he

demonstrated that any of his remaining claims rely on a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* § 2254(e)(2). Therefore, Petitioner has failed to meet the burden necessary to allow this court to permit him an evidentiary hearing to expand the record.[6] Accordingly, the court overrules this objection.

### *Procedural Default*

As noted by the magistrate judge, it is uncontested here that the claims remaining before the court have been procedurally defaulted. (ECF Nos. 70 at 17); *see also* (ECF No. 58 at 2) (Petitioner indicates that he "has shown cause and prejudice that would excuse the procedural default" of the remaining claims). In fact, in the Petition itself, Petitioner requested the court apply *Martinez* as to these claims to excuse the procedural default. (ECF No. 1 at 12). Accordingly, the court may only consider these claims if Petitioner can show both cause for the default and prejudice from a violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). As the magistrate judge correctly indicated in her Report, in *Coleman*, the Supreme Court held that an attorney's errors in a postconviction proceeding to do not qualify as "cause" to excuse procedural default of a claim. *Id.* at 753–54. However, as the magistrate judge noted, in *Martinez v. Ryan*, the Supreme Court carved out an exception to this general rule: "Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 566 U.S. 1, 9 (2012). The *Martinez* court reasoned that,

---

[6] Notably, even if Petitioner had met the threshold in § 2254(e)(2)(A), he would have to "show that further factfinding would demonstrate, 'by clear and convincing evidence,' that 'no reasonable factfinder' would have convicted him of the crime charged," *Shinn v. Ramirez*, 596 U.S. 366, 381, which he has not done. And even if Petitioner could meet this additional hurdle, it would be up to this court's discretion whether to permit any additional evidentiary hearing. The paper record in this case is substantially developed, with almost 1400 pages worth of transcripts, orders, and briefs from the underlying state court case, (ECF No. 22), not to mention the hundreds of *pro se* documents Petitioner attached to his Petition (ECF No. 1).

> Allowing a federal habeas court to hear a claim of ineffective assistance of counsel when an attorney's errors . . . caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a *substantial claim*.

*Martinez*, 566 U.S. at 14 (emphasis added). To meet the threshold to establish cause under *Martinez*, a prisoner that is appointed counsel for his initial-review collateral proceeding must show *both* (1) that PCR counsel was "ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984)" *and* (2) that the "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* As to the first prong, Petitioner must show that his PCR Counsel's representation "fell below an objective standard of reasonableness," and that such representation caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 688–92. To establish that he or she has suffered such prejudice, a petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The magistrate judge determined that Petitioner had not "argued the reasonableness of PCR Counsel's decision to proceed on certain claims and abandon others and thus ha[d] not overcome the presumption that counsel's decision comported with professional norms." (ECF No. 70 at 19). In other words, the magistrate judge determined that Petitioner had not met the first prong of what was required under *Martinez* to establish cause to excuse his procedural default of his remaining claims. In his objections, Petitioner argues that he has "constantly argued and showed how (1) PCR counsel was constitutionally ineffective, (2) his defaulted claims are substantial, and (3) PCR counsel's decision to proceed on certain claims and abandon other claims was unreasonable." (ECF No. 74 at 4–5). Petitioner continuously uses the words "ineffective" and "negligent" to

describe PCR Counsel's representation, but Petitioner does not explain *why* he believes PCR Counsel's representation did not meet the constitutionally guaranteed standard beyond conflating the two prongs of *Martinez* and arguing that his claims were "substantial enough to prove ineffective assistance of PCR counsel under *Strickland*." (ECF No. 58 at 2). He focuses primarily on the merits as to his underlying claims against *trial* counsel without addressing the reasonableness of PCR Counsel's representation. As laid out in *Martinez*, though, Petitioner must show that *PCR Counsel's* representation fell below the standard in *Strickland* and that his claims regarding *trial counsel* are substantial.

The court agrees with the magistrate judge that Petitioner has failed to present a sufficient basis to overcome the presumption that PCR counsel rendered effective assistance. As Petitioner has argued, and as the magistrate judge set forth in her Report, the Supreme Court has determined that the Constitutional right to counsel is "the right to effective counsel." *Strickland*, 466 U.S. at 686 (citations omitted). In demonstrating that he did not receive such constitutionally-guaranteed counsel and that his conviction should be reversed, a convicted defendant must show that his "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment" and that he was prejudiced by such representation. *Id.* at 687. "This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Accordingly, the Supreme Court has held that the "proper standard for attorney performance is that of reasonably effective assistance." *Id.* Therefore, to prevail on an ineffective assistance of counsel claim, the defendant or petitioner must "show that counsel's representation fell below an objective standard of reasonableness" which includes consideration of "prevailing professional norms" and "all the circumstances" surrounding the representation. *Id.* at 688.

Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. As such, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. The Supreme Court has recognized that counsel's discussions with the defendant or petitioner can prove helpful to assessing whether her challenged acts or omissions in the scope of her representation were reasonable. *Id.* at 691.

Here, Petitioner attached correspondence between himself and his PCR counsel to his Petition. (ECF No. 1-2 at 19–39). In the letters PCR Counsel sent to Petitioner, she *explained her reasons* for limiting the scope of the PCR hearing and not belaboring all issues that had been raised by Petitioner in his initial pro se petition.[7] In her July 23, 2015 letter, PCR Counsel answered several additional questions related to how the recent hearing had gone, what to expect moving forward, and, most notably, why she had handled the hearing the way she had. (ECF No. 1-2 at 26). Of key significance is the following question and answer portion of the letter:

---

[7] In fact, in one of her letters from before the PCR hearing, PCR Counsel explains that she will not be arguing that trial counsel was ineffective in not hiring an expert witness, which relates to Ground Nine. (ECF No. 1-2 at 20). In that letter, PCR Counsel explained, "This is not something we will handle. This type of witness will not be helpful because he most likely would not have been admissible at trial. Our main argument on this point will be that your appellate counsel did not argue that the fact your testimony was erased from the record and not usable in an appeal that she was ineffective and you should have gotten a new trial." (ECF No. 1-2 at 20). In that same letter, she indicated to Petitioner that the "point of the PCR is to show [his] trial attorney was ineffective" and that several matters he wanted to raise were more appropriate on direct appeal. *Id.* In other words, she explained to Petitioner *prior to the hearing* that she would not be addressing all of his pro se claims for strategic reasons.

**6. Why didn't you tell the court that I was subject to recall so that I could have been able to get back on the stand to present the evidence for my PCR issues?**

Regarding the subject for recall, that is purely in the judge's decision. In any hearing, once a witness has testified, they are usually not recalled to the stand and it is purely in the judge's discretion whether to let a witness testify or not. In your PCR hearing, Judge Goldsmith was aware you wanted to be recalled as a witness and decided that you should not be able to do so.

As for the PCR issues in your brief, we addressed some of them in your testimony, as they folded into the issues we presented. Some of the other issues I don't believe were issues that had merit to them and confuse the issues we did have with the judge. In addition, that is why I asked the final question if there was anything else you wanted to tell the judge in case you wanted to raise them anyway.

*Id.* This is in line with what PCR Counsel stated at the PCR hearing when Petitioner told the court that his counsel told him he could retake the witness stand to discuss his *pro se* issues and PCR Counsel indicated, "I did not say that, Your Honor. I said a lot of his issues tied to issues we had already presented." (ECF No. 22-7 at 63). Petitioner then wrote an additional letter to his counsel, asking her, in pertinent part, which of his PCR issues she believed did not have merit. (ECF No. 1-2 at 34). PCR Counsel responded,

I will try to answer this the best I can. The issues regarding a directed verdict and the fact it should [not] have been a voluntary manslaughter conviction are without merit, as the first is in the trial judge's discretion and at that point, the state had put up evidence that the jury could find you guilty of murder if they agreed with the evidence. All that is always taken in the light most favorable to the state. As for it should [not] have been a voluntary manslaughter conviction, that is the jury's decision and a PCR cannot challenge the jury's decision on what the verdict was, only the errors the trial counsel and appellate counsel may or may not have made.

We had you testify to the fact trial counsel did not do a Castle Doctrine hearing pre-trial as well as how trial counsel never moved for a new trial or objected to the judge's comments regarding the compromise verdict and his opinion as to the judgement.

Regarding the self-defense expert, I did not see that as a meritorious claim because a judge would not have allowed an expert to testify on what is and isn't self defense, as that is a decision for

> the jury. Also, at the trial, you did present witnesses in your defense
> who could have testified to your character but did not.
>
> In addition, we harped on the fact at the PCR that your
> appellate counsel didn't brief or argue the fact regarding the missing
> transcript pieces.

*Id.* at 35–36.

Notably, PCR Counsel amended the PCR Application three separate times to include additional claims for relief. She then, prior to the PCR hearing and after corresponding with Petitioner, narrowed the scope of her arguments for the PCR hearing based on the claims that she thought carried the most merit. *See* (ECF No. 1-2 at 19–39). This included six specific claims, some with underlying subparts. (ECF No. 22-6 at 58). Additionally, at the end of Petitioner's testimony, she specifically asked him if there was anything further he wished to put on the record prior to him stepping down, and Petitioner was afforded the opportunity to testify outside the scope of PCR Counsel's line of questioning. (ECF No. 22-7 at 12).

Having reviewed the entire record, including most significantly the correspondence between PCR Counsel and Petitioner, the transcript of the PCR Hearing, and the transcript of the underlying trial, the court finds that Petitioner has failed to demonstrate that PCR Counsel's decision to limit the scope of the PCR hearing was objectively unreasonable and outside the bounds of professional norms. PCR Counsel communicated her concerns to her client, going so far as to explain to him *prior to the hearing* that she would not be raising several of the issues he wished to raise and *why* she had made this decision. (ECF No. 1-2 at 20). At the hearing, she allowed Petitioner the opportunity to explain, through his testimony, what additional issues he had with his underlying trial, and he did so. (ECF No. 22-7 at 12). Following the hearing, when Petitioner questioned her decision to limit the scope of the hearing and not pursue his litany of claims, PCR Counsel explained, in detail, her reasoning for why she made the decisions she did. (ECF No. 1-2 at 19 -

39). This included not wanting to confuse the issues, wanting to focus on what she considered to be their "best shot," not wanting to focus on claims that should have been raised on an appeal instead of collateral review, and not wanting to belabor issues that had already been addressed. *See id.* Petitioner has failed to explain why such strategic decisions were not objectively reasonable under the circumstances. As such, Petitioner cannot meet the requisite standard in *Martinez* to overcome his procedural default of the remaining claims in the Petition. The court overrules Petitioner's objection.[8]

### *Merits of Petitioner's Claims*

Finally, Petitioner objects to the magistrate judge failing to address the merits of his claims, which he avers is clear error and that her recommendation must be a "ruling on the merits . . . with findings of fact and conclusions of law." (ECF No. 74 at 6–7). However, the magistrate judge recommended the Petition be dismissed because Petitioner could not overcome procedural default of his remaining claims, which precludes this court from considering such claims on the merits. Accordingly, the magistrate judge did not err in refusing to offer an opinion as to the merits of Petitioner's underlying claims, as she was not required to reach the merits of the claims that were not properly before this court. Therefore, this objection is overruled.[9]

### CONCLUSION

---

[8] Because the court has determined Petitioner has failed to satisfy the first prong of *Strickland*, the court need not reach the issue of prejudice, and the court renders no opinion as to the merits of Petitioner's underlying claims regarding ineffective assistance of *trial* counsel.

[9] Notably, Petitioner highlights Respondent's failure to address the merits of the underlying claims of ineffective assistance of trial counsel. (ECF No. 74 at 5). However, Respondent has remained steadfast in arguing that Petitioner has procedurally defaulted such claims and that the claims are not properly before the court. To the extent Respondent has failed to address the merits of any specific procedurally defaulted claim, that is not fatal to Respondent's motion for summary judgment, as the motion was based on such claims not being properly before the court.

Thus, having thoroughly reviewed the Report and the record under the appropriate standards, the court **ADOPTS** the Report (ECF No.70) and incorporates the Report herein by reference. The Motion for Summary Judgment (ECF No. 54) is **GRANTED** as to the remaining grounds of the Petition, and the Petition (ECF No. 1) is **DISMISSED**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right."  Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 23, 2024